UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

MOISES FREIRE, and
BRIAN PERALTA CABRERA,

Defendants.

**SUPERSEDING INDICTMENT**

S1 26 Cr. 111 (SHS)

The Grand Jury charges:

**OVERVIEW**

1. From at least in and around February 2026 through at least in and around March 2026, MOISES FREIRE and BRIAN PERALTA CABRERA, the defendants, engaged in a fentanyl distribution conspiracy that resulted in the poisoning of two female college students ("Victim-1" and "Victim-2") in their dorm room in New York, New York on or about March 18, 2026. On that date, FREIRE supplied Victim-1 with fentanyl and then raped her while she was suffering from acute fentanyl intoxication. Victim-1 never regained consciousness and, soon after, died. Victim-2 suffered serious bodily injury from acute fentanyl intoxication and nearly died.

2. As part of the conspiracy, MOISES FREIRE, the defendant, told BRIAN PERALTA CABRERA, the defendant, that FREIRE intended to distribute narcotics to the Victims, that he needed drugs that would "last the entire night," and that if PERALTA CABRERA could provide drugs that were strong enough, the Victims would get addicted, which FREIRE described as a "win win situation." PERALTA CABRERA, knowing that FREIRE intended to further distribute the drugs to at least two women, subsequently provided fentanyl (the "Fentanyl") to FREIRE.

3. On or about March 18, 2026, MOISES FREIRE, the defendant, brought the

Fentanyl to the Victims' undergraduate residence hall in Manhattan. FREIRE, who previously, and falsely, assured Victim-1 that the drug he was providing did not contain any fentanyl, told Victims-1 and -2 that he was providing pure cocaine that FREIRE had acquired in Mexico. In fact, FREIRE knew that he acquired the Fentanyl from BRIAN PERALTA CABRERA, the defendant, in New York, and had described the Fentanyl as, among other things, "fake" and "poison."

4. Almost immediately after arriving at their dorm room, MOISES FREIRE, the defendant, encouraged Victims-1 and -2 to use the Fentanyl he purported to be cocaine. The Victims used the Fentanyl and immediately lost consciousness. FREIRE did not use the Fentanyl. After the Victims used the Fentanyl and were suffering the effects of acute fentanyl poisoning, FREIRE raped Victim-1 while Victim-2 was unconscious in the single room dorm several feet away.

5. After raping Victim-1, MOISES FREIRE, the defendant, waited approximately 45 minutes to contact campus security. During that time, FREIRE texted photos of the Victims to friends; photographed Victim-1 depicting Victim-1 unconscious and naked below the waist; and told others the Victims were completely unconscious. After that time had passed, FREIRE approached campus security and initially claimed that the Victims were unconscious in their dorm room because they had too much to drink.

6. Campus security personnel responding to the Victims' dorm room found the Victims unconscious while suffering from acute fentanyl intoxication and rendered emergency medical services to the Victims, including by administering Narcan[1] to at least Victim-1. Victims-1 and -2 were then transported via ambulance to hospitals in New York, New York.

[1] Narcan, or naloxone, is an opioid antagonist used to counteract the deadly effects of drugs like fentanyl.

7. Toxicology reports for samples taken from Victims-1 and -2 indicated the presence of fentanyl, and did not indicate the presence of either any opioid other than fentanyl or the presence of cocaine.

8. Victim-2 regained consciousness after receiving life-saving care and was discharged from the hospital. Victim-1 received continued emergency medical treatment at Hospital-1 but never regained consciousness. On or about March 21, 2026, Victim-1 was pronounced dead at the hospital. The Office of the Chief Medical Examiner concluded that Victim-1 died from complications from acute fentanyl intoxication.

## COUNT ONE
**(Conspiracy to Distribute Narcotics Resulting in Death and Serious Bodily Injury)**

The Grand Jury further charges:

9. From at least in and around February 2026 through at least in and around March 2026, in the Southern District of New York and elsewhere, MOISES FREIRE and BRIAN PERALTA CABRERA, the defendants, and others known and unknown, knowingly and intentionally combined, conspired, confederated, and agreed together and with each other to violate the controlled-substance laws of the United States.

10. It was a part and an object of the conspiracy that MOISES FREIRE and BRIAN PERALTA CABRERA, the defendants, and others known and unknown, would and did distribute and possess with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

11. The controlled substance involved in the offense was a quantity of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

12. The use of such controlled substance resulted in (i) the death of Victim-1 on or about March 21, 2026; and (ii) the serious bodily injury of Victim-2, on or about March 18, 2026,

in New York, New York.

(Title 21, United States Code, Section 846.)

**COUNT TWO**
**(Distribution of Narcotics Resulting in Death and Serious Bodily Injury)**

The Grand Jury further charges:

13. On or about March 18, 2021, in the Southern District of New York and elsewhere, MOISES FREIRE, the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

14. The controlled substance involved in the offense was a quantity of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

15. The use of such controlled substance resulted in (i) the death of Victim-1 on or about March 21, 2026; and (ii) the serious bodily injury of Victim-2, on or about March 18, 2026, in New York, New York.

(Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C).)

**COUNT THREE**
**(Distribution of a Controlled Substance with the Intent to Commit Rape)**

The Grand Jury further charges:

16. On or about March 18, 2026, in the Southern District of New York and elsewhere, MOISES FREIRE, the defendant, knowingly and intentionally distributed and possessed with intent to distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and with intent to commit a crime of violence against an individual, to wit, rape, distributed a controlled substance to that individual without that individual's knowledge, in violation of Title 21, United States Code, Section 841(b)(7), to wit, FREIRE distributed fentanyl to Victim-1, without

Victim-1's consent or knowledge, with the intent to rape Victim-1.

17. The controlled substance involved in the offense was a quantity of mixtures and substances containing a detectable amount of fentanyl, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Sections 812, 841(a)(1), 841(b)(1)(C) and 841(b)(7).)

**FORFEITURE ALLEGATION**

18. As a result of committing the offense alleged in Count One of this Indictment, MOISES FREIRE and BRIAN PERALTA CABRERA, the defendants, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

19. As a result of committing the offense alleged in Counts Two and Three of this Indictment, MOISES FREIRE, the defendant, shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of said offense and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

**Substitute Assets Provision**

20. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

(Title 21, United States Code, Section 853.)

[redacted]

FOREPERSON
October 15, 2026

JAMES M. MCDONALD
United States Attorney